IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT FENNELL
        Plaintiff,

   V

JOHN E WETZEL,JEFFREY A BEARD,FRANCIS PIROZOLLA
ROBERT REED,DONNY B HAGENS,STEPHEN A JOHNSON,
RUSSELL C BOLLINGER,COl BURKEY,DAVID KESSLING,
DAVID CLOSE,L. OLIVER,LT. BRUMBAUGH,D. MYERS,
GARY D BLAKELEY,KENNETH HOLLIBAUGH,B. MYERS,
LISA HOLLIBAUGH,JON FISHER,T. SUNDERLAND,
JOHN WHITESEL,EVELYN WHITSEL,JACLYN GROVE,
A. GROVE,M. BISER,N.D. GOSS,E. SPECK,H. ERSEK,
B. BRITTON,D. ANDERS,E. STOMBAUGH,A.H. HARPSTER,
A. NAREWOOD,T. BICKERT,T. DALE,R. ABRASHOFF,
B. SHOPE,W. BOYD,LYNNE A. GONZALEZ,J. ZIMMERLY,
CHARLES MITCHELL,W.H. DREIBELBIS,D. RAUCH,
MELISSA K HOUCK,R.G.BOLLMAN,SUZANNE N HUESTON,
J.CROUCH,DORINA VARNER,J.M.HOUSEHOLDER,
J.R.HOUSEHOLDER

       Defendant's

**4: CV17-1520**

CIVIL ACTION NO. _____

JUDGE BRANN

JURY TRIAL DEMANDED

FILED
WILLIAMSPORT

AUG 24 2017

PER _____
DEPUTY CLERK

## PLAINTIFF'S COMPLAINT

Plaintiff,("Robert Fennell" or "Fennell"),Pro-se,files this civil complaint and alleges the following:

I    **INTRODUCTION**

This is a Civil Action arising out of the actions of Corrections Officers and Staff employed by the Department of Corrections who repeatedly used excessive force,beat and improperly abused an inmate and Denial of Medical care in contravention of his rights under the Fourth,Eighth and Fourteenth Amendment of the United States Constitution and Confinement in Segregation in violation of Due Process and the First,and Fifth Amendment of the United States Constitution and other applicable laws.

Plaintiff seeks Injunctive relief against each individual and seeks damages in the sum of $376.000 for Physical abuse,$275.000 for use of excessive force,$710.000 for emotional distress,$250.000 for emotional abuse,$75.000 for Breach of Fiduciary duty,$65.000 for Prospective Damages,$36.000 for Moratory Damages,$180.000 for Punitive Damages,$112.000 for Double Damages,$40.000 for Discretionary Damages,$10.000 for Actionale Damages,$5.000 for Accumulative Damages,$205.000 for Compensatory Damages, $100.000 for Consequent Damages,$500.000 for Future Damages,$31.000 for Foreseeable Damages,and $129.000 for General Damages against all Defendants individually and as a whole.

II   **PARTIES**

1.   Plaintiff,Robert Fennell ("Fennell" or "Plaintiff"),is an adult male currently in the custody of the Department of Corrections for the State of Pennsylvania at the State Correcrtionl Institution ("SCI") Smithfield ("SMI") and was incarcerated at SCI Cresson ("CRE"),SCI Houtzdale ("HOU") and SCI SMI during the events described in this complaint.

2.   Defendant's Russell C. Bollinger,("Bollinger"),Stephen A Johnson ("Johnson") and COl Burkey ("Burkey") are Corrections Officers employed at SCI CRE,and was at all times material hereto employed by the Department of Corrections.

3.   Defendant Donny B. Hagens ("Hagens") is the Correctional Sergeant in charge of the supervision and discipline of all correctional staff on J Unit at SCI CRE,was at all times material hereto employed by the Department of Corrections.

4.   Defendant Francis Pirozolla ("Pirozolla") is the Security Captain at SCI CRE and is in charge of the supervision and discipline of all correctional staff at SCI CRE and was at all times material hereto employed by the Department of Corrections.

5.   Defendant Robert Reed ("Reed" or "HEX-1") is a correctional officer at SCI CRE and HOU and is responsible for conducting Disciplinary Hearings for Prisoners accused of breaking Prison Rules and Regulations and was at all times material hereto employed by the Department of Corrections.

6.   Defendants Gary D Blakeley ("Blakeley") and Bryan Bauman ("Bauman") are Correctional Officers employed at SCI HOU and was at all times material hereto employed by the Department of Corrections.

7.   Defendant Lt. Brumbaugh ("Brubaugh") is the Correctional Captain in charge of the security,supervision and discipline of all correctional staff at SCI HOU and was at all times material hereto employed by the Department of Corrections.

8.   Defendants L. Oliver ("Oliver") and Kenneth Hollibaugh ("K.H.") are correctional officers "Major's" in charge of the security,medical,supervision,treatment and discipline of all inmates and correctional staff at SCI HOU and was at all times material hereto employed by the Department of Corrections.

9.   Defendants David Close ("Close"),and  David Kessling ("Kessling") are the Deputy Superintendents for medical and security at SCI HOU and is in charge of the supervision,treatment of inmates and medical of all correctional staff and inmates at SCI HOU and was at all times material hereto employed by the Department of Corrections.

10.   Defendants R.G.Bollman ("Bollman") W. Boyd ("Boyd"),T. Dale ("Dale"),T. Bickert ("Bickert"), A. Narewood ("Narewood") A.H. Harpster ("Harpster"), J.R. Householder ("J.R.") J.M. Householder ("J.M."), D. Anders ("Anders"), E. Stombaugh ("Stombaugh") E. Speck ("Speck") H. Ersek ("Ersek") D. Rauch ("Rauch") and Schroeder are correctional officers at SCI SMI and was at all times material hereto employed by the Department of Corrections.

11.    Defendants B. Shope ("Shope") B. Britton ("Britton") and B. Myers ("Myers") are Correctional Sergeants at SCI SMI and was at all times material hereto employed by the Department of Corrections and is in charge of the Restricted housing Unit ("RHU") at SCI SMI.

12.    Defendants N.D. Goss ("Goss") J. Crouch ("Crouch") and R. Abrashoff ("Abrashoff") are correctional officers ("Lieutenant's") in charge of the RHU at SCI SMI and was at all times hereto employed by the Department of Corrections.

13.    Defendants T. Sunderland ("Sunderland") and A. Grove ("Grove") are correctional officers "Captain's" in charge of the RHU at SCI SMI and was at all times material hereto employed by the Department of Corrections.

14.    Defendants John Whitesel ("Whitesel") L. Oliver ("Oliver"), D. Myers ("D.M.") and M. Biser ("Biser") are correctional member's of the Program Review Committee ("PRC") in charge of the Administrative Segregation Unit ("ASU") within the RHU at SCI SMI and was in charge of the supervision and discipline of all prisoner's and correctional staff at SCI SMI and was at all times material hereto employed by the Department of Corrections.

15.    Defendant Charles Mitchell ("Mitchell" or "HEX-2") is a correction Captain at SCI SMI and is a Hearing Examiner ("HEX-2") responsible for conducting disciplinary hearings for prisoners accused of breaking prison Rules and Regulations and was at all times hereto employed by the Department of Corrections.

16.    Defendants Suzanne N Hueston ("Hueston") and Dorina Varner ("Varner") are chief Hearing Examiners for the Department of Corrections and is responsible for reviewing all administrative appeals of disciplinary charges filed by all prisoners of the Department of Corrections ("DOC") and was at all times hereto employed by the DOC.

17.    Defendant W.H.Dreibelbis ("W.H.D." or "Dreibelbis") is the Chief Medical Administrator at SCI SMI and is generally responsible for ensuring that the provisions of Medical care to prisoners and specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluation and at all times hereto employed by the DOC.

18.    Defendant J. Zimmerly ("Zimmerly") is the Medical Doctor at SCI SMI and is in charge of the care and medical treatment of all prisoners within his care and at all times hereto employed by the DOC.

19.    Defendant Evelyn Whitesel ("E.W."),Jaclyn Grove ("J.G."),Lynne A Gonzalez ("Gonzalez") and Melissa K Houck ("Houck") are nures's at SCI SMI and was at all times hereto employed by the DOC.

20.    Defendant Lisa Hollibaugh ("L.H.") is the Superintendent's Assistance and Grievance Coordinator at SCI SMI in charge of asigning and protecting the Due Process

rights of all prisoners at SCI SMI and was at all times material and employed by the
DOC.

21.    Defendant Jon Fisher ("Fisher") was the Superintendent at SCI SMI and was in
charge of the SCI SMI  Facility and it's prisoners and staff and was at all times material
hereto the Superintendent employed by the DOC.

22.    Defendants John E Wetzel ("Wetzel") and Jeffrey A Beard ("Beard") is and was
the Secretaries of Corrections in charge of the DOC and hired all the Defendants and
was at all times material hereto a DOC employer.

23.    All the defendants have acted,and continued to act under color of State Law
at all times relevant to this complaint and all of the defendants are and is sued in
thei individual and official capacities.

## III    JURISDICTION AND VENUE

24.    This Court has Jurisdiction over this action pursuant to 28 U.S.C.§§1331 and
1343 as well as principles of pendent and ancillary Jurisdiction. This Court also has
supplemental Jurisdiction pursuant to 28 U.S.C.§1367. This action arises out of violations
of the Constitution and Statutes of the United States and the Constitution and Statutes
of the Commonwealth of Pennsylvania.

25.    Venue is proper in this district pursuant to 28 U.S.C.§1391(b) because the
claim arose within the Middle and Western District of Pennsylvania.

## IV    FACTS
### A. Background

26.    On or about January 27,2007 Plaintiff became a resident of SCI CRE in the
Pennsylvania Department of Correction Prison System.

27.    Prior to entering SCI CRE Defendant Pirozolla knew who plaintiff was because
of an altercation between plaintiff and Pirozolla friends. As a result of the prior
altercation,Pirozolla had a vendetta against Plaintiff.

28.    On or about May 11,2007 plaintiff received an order by an un-named officer
to cuff up. Plaintiff complied and was removed from general population and placed in
the RHU without an explanation.

29.    Several hours later Plaintiff was served with a misbehavior report ("DC-141")
with disciplinary charges for allegedly threaten an employee or their family with harm,
and refusing to obey an order which was false.

30.    On or about May 17,2007 Plaintiff met with Defendant Reed and requested that
he call plaintiff's witnesses Leslie Mitchell who was plaintiff's cell-mate,and the
other prisoners housed within housing unit where plaintiff lived.

31.    Defendant Reed refused to call any of plaintiff's requested witnesses by stating "I'm not calling any witnesses housed in general population to a hearing involving an RHU inmate because the DC-141 filed by the officer gave a full picture of what happen unless you ("plaintiff") can tell me ("Reed") who was the Tenth President of the United States"

32.    When Plaintiff could not answer Reed's question Reed ordered two un-named officers to escort plaintiff back to his cell.

33.    Soon after,these un-named officers began to beat,punch and smack plaintiff repeatedly in his face,back,legs and head while plaintiff was still cuffed in the mist of the assault one of the un-named officers stated("Ok thats enough...Pirozolla said teach him a lesson not kill him").

34.    Plaintiff was left on the floor of his cell for days without medical treatment bleeding while in serious pain. On or about May 21,2007 plaintiff saw the silhouette of a corrections officer and plaintiff yelled out for help and requested a grievance and medical assistance.

35.    From May 21,2007 -June 19,2007 several officers would pass plaintiffs cell and repeatedly kick plaintiffs cell door and one of these officers yelled ("This is what you get when you file grievances on the wrong officers and assault one").

36.    On or about June 20,2007 told a officer what happen and this officer said that he would report it to security. several hours later plaitiff was taken out of his cell and placed in cell 1 an cuffed to a concrete slab and was beaten by more of the same unknown officers. Plaintiff saw Defendant Hegans with a long brown leather belt/strap wrapped around defendant Hegans hand as Hegans repeatedly hit plaintiff on his buttocks, legs, back and cuffed arms while other officers watched and chanted "hit him again" as plaintiff cried out for help.

37.    While plaintiff was bleeding and repeatedly yelling for help for these officers to stop there assault, plaintiff over heard another officer say in sottovoco "Donny thats enough...capt said teach him a lessen not to kill him"  Another officer used a large redious hose that spotted clod water on plaintiff to wash the blood from plaintiffs badly beaten body.

38.    Plaintiff was left naked in cell 1 for over 10 days without medical treatment, nor a mattress or sheets or blankets. During these days an while still cuffed to the stone slab and no food for the past 5 days an officer would come by and when plaintiff would yell for help the officer[s] would enter plaintiffs cell and mase or stun plaintiff.

39.    Plaintiff filed several grievances once he was released from the RHU. From August 16,2007-February 2,2008 plaintiff would repeatedly receive false DC-141's, and more assaults by other officers including Defendant Hagens. Hagens would state at times

5

would state "withdraw the grievances...".

40.   After meetin with Defendant Pirozzola and pleading with him to call of the repeated assaults and harassment Defendant Pirozzola replied "...only your actions can deter my actions..."

41.   From February 12,-October 3,2008 plaintiff received more false Dc-141's and beatens by these same un-named officers in between plaintiff's attempts to file several grievance's,and 1983 law suit's. While these beaten's where continuing, on one occasion plaintiff over heard one of the officer's state "...you better stop or we'll be back..." this was in regards to plaint's promising to for go the filing of any grievances,1983's, or Criminal complaint against any officers of  the DOC.

42.   On or about October 4,2008 while the population yard area of SCI CRE an officer walk passed plaintiff and stated "...you lied" less then 15 minutes later several officers enter the yard and pasted plaintiff looking for someone when another officer by the name of Defendant Burkey ("Female") yelled to the other officers " you just passed him ...it's Fennell..." These officers turned around and force plaintiff back to the RHU and into cell 1 (the torturous cell) and re-cuffed plaintiff to the stone bed after learning that plaintiff was still attempting to file criminal charges,civil action and grievance's.

43.   Soon after while cuffed to this torturous bed and very scared plaintiff heard a female voice say:..."So you still want to be an ass-hole...this will teach you" Then out of no-where plaintiff felt a sharp stinging pain on his buttocks from a what felt like a belt. when plaintiff turned around quickly plaintiff saw defendant Burkey with the leather strip wrapped around her hand as she repeatedly swung it and hit plaintiff on his butt,legs,and back, While another repeatedly used a stun-gun on plaintiff's body when plaintiff heard this officer say "Oh shit he pissed his self"

44.   Plaintiff filed several criminal complaint,and grievances along with a abuse petition with the Cambria County Court. Soon after plaintiff received another DC-141 which placed plaintiff back in front of Defendant Reed. At this hearing plaintiff informed Defendant Reed about all of the assaults and his role in them.

45.   While plaintiff was telling Defendant Reed about the assaults plaintiff broke down in tears and repeatedly begged defendant Reed to stop helping these officers get away with repeatedly filling false DC-141 and assaulting plaintiff. Defendant Reed replied "I'm just a HEX and I have to work here...Fennell if I help you then I'll be a target as well...Fennell stop crying ...all I can do for you is keep dismissing the charges and request that you be moved off of J-Unit.

46.   Between February 20,2008-Janury 20,2009 plaintif's cell was repeatedly searched every 7 days by security looking for any sign of plaintiff attempting to file a grievance,

civil action,and or a criminal complaint and when they found such items these officers confiscated these items and destroyed them each and every time hindering and impeding plaintiff from filing his claims on time.

47.    On January 24,2009 after being sent back to J-Unit Defendant Bollinger Stated "...Fennell keep the noise down" Plaintiff not understanding why defendant Bollinger is telling plaintiff to keep the noise down when he never spoke a word. Defendant Bollinger then stated "...after all the work we put in on you're ass you still have allot to say... you would thank that when a man gets beat as much as you he would act better...and forgo filing paperwork against officer's...maybe you need another trip back to the RHU in cell 1".

48.    After the conversation with Defendant Bollinger Plaintiff went to his cell and locked in. Plaintiff's cell door kept opening repeatedly and plaintiff re-locked his cell door. Soon after plaintiff cell door re-opened and plaintiff put all his property on the tier.

49.    Defendant Hagens and Johnson approached plaintiff,Hagens informed plaintiff that plaintiff could be placed back in the RHU in 1 cell, Defendant Johnson stated "... Sgt isn't that were some inmates hung them self..." Defendant Hagans replied "...Fennell don't let me find you hung in cell". Plaintiff begged Defendant Hagens not to kill him.

50.    Defendant Hagens replied "a suicide is not a killing". After hearing these words plaintiff believed that the Defendant's would kill by making it look like a suicide.

51.    Plaintiff was in such fear that he approached Defendant's Bollinger,Johnson and Hagens and yelled out after seeing two of the officers that have been repeatedly assaulting plaintiff" you're not going to kill me without a fight" and punched defendant Bollinger one time in the face in order to save his own life.

52.    Several officers repeatedly beat and assaulted plaintiff while on J-Unit and in the RHU cell 1. Plaintiff was repeatedly assaulted for five days with no food nor clothing while the window of his cell was open allowing the winter air to come in freezing plaintiff in between the assaults.

53.    On or about January 29,2009 after the five days of torture Plaintiff was transferred to SCI HOU. Defendant's Brumbaugh,Kessling and Close informed plaintiff that he will not be release from the RHU until SCI CRE or Pirozolla say so. A Sergeant Smith approached plaintiff's cell and stated "I'm not like them...I wont hurt you...and if I can I'll get you you're property so that you can meet you're court deadlines and file what ever papers that you choice to file.

54.    After speaking with Superintendent Britton and informing him of what happen Superintendent order plaintiff's release from the RHU onn or about April 4,2009. While Plaintiff was putting together his PCRA,a grievance and a 1983 Plaintiff received a

summons from the court stating that Defendant Bollinger is filling criminal charges against plaintiff. From June 2,2009-September 7,2011 Plaintiff was repeatedly assaulted by the Defendants and their co-workers along with plaintiff's legal paper's and property confiscated.

55.   After repeated false misbehavior reports in order to stop plaintiff from filing grievance's, or a 1983, plaintiff secretly put together a 1983 against some of the Defendants.

56.   On June 9,2011 at or about 7:50 pm two days after the above incident Plaintiffs cell was searched by Defendant Bauman and an unknown officer. Defendant Bauman notice Plaintiff's 1983 had the names of corrections officers on it. Defendant Bauman Stated: "Are filing a civil suit?...wow how you like the balls on this guy...I remember this guy that was up here that sued a friend of mind and for some reason before the case was over this same guy hung him self...don't be like him".

57.   Later that day at 8:30 pm or so Defendant Blakeley approached plaintiffs cell and ask Defendant Bauman was plaintiff the guy. when Bauman stated yes Blakeley stated "wasn't you told not to file anything on my follow officers..." then Blakeley punched plaintiff in the face and plaintiff fort back which was all on video.

58.   Plaintiff was placed in the RHU and all his property was confiscated including all legal document's. Several hours later six (6) unknown officers dressed in all black with there name tag's omitted rushed into plaintiff's cell and repeatedly beat plaintiff by punching plaintiff in his face,legs,arms and back while plaintiff was cuffed. One of these officers stated "This is for Bollinger...stop resisting..."

59.   Plaintiff received a DC-141 and Defendant Reed dismiss all charges. On September 6,2011 Defendant's K.H.,Close,Oliver and Kessling ("PRC of HOU") conducted a hearing with plaintiff. Defendant Oliver stated "why did you attack one of my officers?" Plaintiff responded "I did not attack you're officer he attacked me for attempting to file a 1983 on other officers such as COl Bollinger which he must know"

60.   Suddenly K.H. stated "so the fuck what...that was my friend you sent to the Hospital mother fucker...what do you have to say for your self" Plaintiff replied "Fuck you and you're friends...it's my right to file a 1983,a grievance or any paper's with the court's"

61.   This statement inflamed K.H. to the point that K.H. jumped out his seat and started to chock plaintiff while he was still cuffed. Defendant Kessling repeatedly yelled "Ken stop...the camera ken...the camera..." while plaintiff was gaspping for air the officer that was holding plaintiff let go of plaintiff and grabbed K.H. and pushed K.H. off of plaintiff by restraining him.

62.   Plaintiff was transferred the next day to SCI SMI. Plaintiff was placed in cell KA-24 within the RHU. The next day on or about September 8,2011 plaintiff meet

with PRC (Whitesel,Hannah and Biser) who informed plaintiff that he is now on the Restricted Release List ("RRL").

63.    PRC informed plaintiff that SCI HOU confiscated all plaintiff's legal and personal property until further notice and ordered plaintiff's placement on the RRL Defendant Whitesel informed plaintiff that if plaintiff refrain from filing grievances, and civil complaint's against officers that he (Whitesel) would give their support to be release off of the RRL in two years and if not plaintiff will never be release off of the RRL,no visit's,mail in or out nor privileges or property will be given to plaintiff if plaintiff brakes this demand.

64.    On October 29,2011 Defendants Goss,Harpster,Anders,and an unknown officer came to plaintiff's cell (KA-24) an ordered plaintiff to cuff up. After doing so Defendant Goss stated: "Hi Fennell my name is Lt Goss it is my job to inform you that your property will be withheld until PRC order me to release it,until then you are prohibited from filing any grievances,or civil complaints or retain any such items by order of PRC of SCI CRE,HOU and SMI and if you do have any of these items with officers names on them you will be given a DC-141 in accordance with DC-ADM 6.3.1.

65.    30 days later Defendant's Britton,Anders,Norewood and two unknown officers entered plaintiffs cell and assaulted plaintiff after plaintiff filed a grievance about his property. On March 1 2012 Plaintiff informed PRC that he has been repeatedly assaulted by staff for attempting to file papers with several courts while in the RHU.

66.    Defendant Whitesel then informed plaintiff that the reason why plaintiff is on the RRL is because plaintiff is a disturbance and an instigator because plaintiff has repeatedly tried to file grievance's, and 1983's along with telling and showing others how to file grievances and 1983's to the courts.

67.    Plaintiff filed another grievance against PRC for what was said and his placement on RRL. Soon after plaintiff received several DC-141's,bugs were place in plaintiff's food,and shared's of metal,along with a live caterpillar. Plaintiff cut his mouth on one of the shared's which was witnessed by Chaplain Grove who yelled for a nurse, which was denied by the Defendants.

68.    Plaintiff wrote a letter to Defendant Wetzel about everything that has been taken place and Defendant Wetzel responded "We tried lesser means to prevent your actions" Plaintiff cell was repeatedly searched and when ever an officer would find a 1983 or a grievance with the names of follow officers plaintiff would receive a DC-141 and all of plaintiff property would be seized.

69.    From 2012-2016 Plaintiff was beaten,tortured,legal papers destroyed,visit's denied and denied Medical treatment.

70.    plaintiff continued to be attacked by the defendants and other officers at

the direction of or at least with the tacit approval of defendants Pirozolla,Bollinger, Blakeley, and J.H.

71.    Corrections Officers Hagens,Johnson,Bollinger,Burkey,D.M.,B.M.,Blakeley,K.H., Goss,Ersek,Britton,Anders,Harpster,Narewood,Bickert,Dale,Abrashoff,Shope,Bollman,Crouch, and J. Householder assaulted Plaintiff repeatedly from 2007-2015; they repeatedly punched, and kicked Plaintiff in the face,chocked,beat Plaintiff with a tether,left Plaintiff bleeding and naked for days in a cold cell, and dragged him across the ground,for no legitimate reason other then to deter,prevent,discourage,avert,hinder and impede Plaintiff from filing grievance's,civil action,or criminal complaint against fellow officer that would reveal SCI CRE's Constitutional violations, and torturous acts.

72.    Corrections Officers Stombaugh,Ersek,Bickert,Boyd,and Britton filed false misbehavior report in order to deter,prevent,hinder,and impede Plaintiff from filing grievances, and a 1983 against fellow officers from SCI CRE,HOU, and SMI for false DC-141 ,assaults and destruction of plaintiffs legal documents which was needed for court,for no legitimate reason.

73.    Plaintiff spoke to Defendants E.W.,J.G.,Gonzalez,Zimmerly,and Houck repeatedly denied plaintiff medical treatment for no legitimate reason other than to discourage plaintiff from filing grievance's on staff members of SCI SMI.

74.    Defendant's Reed,Mitchell,Hueston,and Varner denied plaintiff his Due Process right to a fear hearing by repeatedly denying plaintiff right to have witnesses and evidence of his innocents.

75.    Defendants Wetzel,Beard,Reed,Kessling,Close,Oliver,Brumbaugh,L.H.,Fisher,Biser, Sunderland,J.W.,A. Grove,and Dreibelbis all failed to intervene over the years even after plaintiff informed each defendant of all of the assaults,false DC-141's and torturous act's including the placement on the RRL in order to deter plaintiff from filing paper's with the court's.

76.Defendants forced Plaintiff to accept a deal to forego any filing of grievance's, 1983's, or criminal complaint against officers of SCI CRE,HOU or SMI and if plaintiff break this deal plaintiff would receive more DC-141's for threaten an officer,possession of contraband,assault, and refusing an order which would prevent plaintiff from receiving visit's,mail,making phone calls to family or friends or seeing sun light.

77.    As Plaintiff complied with defendants demands plaintiff was given more privileges however, Plaintiff attempted to file another civil complaint and was met with a false DC-141 and all Plaintiff's privileges were removed such as phone calls,visits,mail in or out.

78.    Plaintiff met with each defendant and PRC who informed plaintiff that if he fall back, and stop what plaintiff was doing (filing grievance's,and 1983's) and stay

misconduct free plaintiff would be release from the RHU and all privileges restored.

79.   In October of 2015 after working on his 1983 in secret plaintiff took a chance and mailed out his 1983 civil suit, the clerk of court "Maria E. Elkins" sent plaintiff a letter informing plaintiff that he must submit an application to proceed in forma pauperis.

80.   On or about October 23,2015 after receiving this information plaintiff submitted a request slip along with an application and a pre-paid envelope to inmate account,and the mail-room along with a cash slip and court order requesting that the in forma pauperis be mailed to the clerk of court.

81.   On October 30,2015 Plaintiff received a request slip from inmate account officer K. Kifer stating: "...you must send a stamped addressed envelope and all papers such as 1983 and exhibits that you want to send to the court's"

82.   plaintiff complied with officer Kifer's request, on the same day. Later that day inmate account officer L. Clinger informed plaintiff that plaintiff's 1983 and 30 exhibits was mailed out.

83.   On November 23,2015 Plaintiff received an order from the clerk of court that stated that the clerk of court did not receive the in forma pauperis and if plaintiff does not file said paper's plaintiff's 1983 will be dismissed. Plaintiff filed a grievance on the issue and was met by defendant's A. Grove,Biser,J. Whitesel and Oliver who stated that"plaintiff has failed to comply with the rules and as so has disrupted the order of the facility by attempting to file a 1983 and grievances...therefore your privileges will be revoked".

84.   The defendant's was unaware that Plaintiff already mailed in his 1983. On December 29,2015 the Middle District Clerk of Court dismissed Plaintiff's 1983 for failure file an application to proceed in forma pauperis.

85.   Plaintiff filed grievances stating that he was having problems with the above defendants,but nothing was done to avoid future problems between Plaintiff and these Defendant's.

86.   Although Plaintiff used internal prison procedures,allegedly available to remedy this problem,by filing several grievances,to date,Plaintiff has not received a decision concerning his grievances.

87.   As a direct and proximate cause of the unlawful and unconstitutional use of force,the filing of false DC-141,denied due process,and medical treatment,and denied access to the court's by Defendant's,Plaintiff sustained numerous injuries including, but not limited to,bruises, lacerations,pain throughout his face and body,dislocated right shoulder,a springed right hand, damaged left eye and knee,PTSD'dismissal of case's and emotional distress.

88.   Many of the injuries that Plaintiff suffered may be permanent, including the eye injury, the knee and PTSD which Plaintiff has received.

B.   Exhaustion Of Legal Remedies

89.   Plaintiff used internal prison procedures by filing several grievances, but the harm he has alleged has not been remedied.

C   Facts Relating to the Defendant's Jeffrey A. Beard, and John Wetzel

90.   At all times relevant hereto Defendants Beard and Wetzel were servant's, agent's and employees of the Department of Corrects acting as the secretary's of corrections, and within the scope of their employment and knowledge allowed their agents, servants and employees to repeatedly assault, retaliate, confiscation of legal material, denied access to the court, and repeatedly misuse of their authority by allowing officers to torture their prisoner namely Plaintiff.

91.   The above incidents were not isolated incidents, but rather an ongoing pattern of excessive force, retaliation, assault, denial of due process and access to courts by the Defendants which is fostered by the acquiescence and tacit approval of the defendant's Beard and Wetzel.

92.   Defendant's Beard and Wetzel as secretaries of corrections had a duty to investigate criminal activity of it's staff, including the Defendant's including investigating excessive force, assault, false reports against prisoners, and repeatedly deny prisoners access to the courts namely Plaintiff.

93.   Defendants Beard and Wetzel has routinely failed to properly discipline Corrections officers including the Defendant's who often charge inmates with false DC-141's to hide their own wrong doing. By doing so the Defendant's Beard and Wetzel failed to remedy the harm done to Plaintiff even after Plaintiff repeatedly requested help from each Defendant.

94.   The failure of Prison authorities with final decision making authority to limit abuse, assault's and retaliation by corrections officers including the Defendant's, through proper training, supervision, investigations and discipline is a Proximate cause of the injuries sustained by Plaintiff.

95.   Defendants Beard and Wetzel failed to properly investigate grievances filed by Plaintiff and failed to remedy the harm to Plaintiff.

D.   Facts Relating to Defendant's W. Dreibelbis, Evelyn Whitesel, Melissa Houck, Jaclyn Grove, J. Zimmerly, and L. Gonzalez

96.   At all times relevant hereto, the Defendants were servants, agents and employees of the Department of Corrections acting within the scope of their employment.

97.   Defendant E.W. learned of several grievance's filed against J.W.. Defendant E.W. informed Plaintiff that he needs to stop filing grievances on staff or she will

discontinue Plaintiff's much needed medication.

98.    After hearing what Defendant E.W. stated Plaintiff filed a grievance against Defendant E.W. who later approached Plaintiff and stated:"...so you filed a grievance on me?...ok let me show you how we do it in New York..." Defendant E.W. elected the assistance of Defendant Gonzalez who discontinued Plaintiffs medication the next day which caused Plaintiff to have several asthma attacks and caused severe itching which forced Plaintiff to scratch himself so hard it caused severe bleeding for over a year and a half.

99.    Plaintiff almost died on two separate occasions due to the lack of medication from Defendants actions. Plaintiff scratched himself to the point that plaintiff caused several severe lacerations and wounds that would bleed out every knight which would cause Plaintiff to cry himself to sleep from the pain.

100.    Plaintiff filed several grievances on the Defendants for their actions but nothing was done to avoid further problems by the Defendants. Soon after Defendants Houck after learning that Plaintiff filed a grievance on Defendant's E.W. and Gonzalez approached Plaintiff cell and when Plaintiff ask Defendant Houck to check to see if she could get Plaintiffs med's Defendant Houck stated "...I heard what you bone to my sister and if you don't stop with the grievances ill take my gun (38) blow your head off and bury you in my decease mother's yard where my ex-husband stays right before I sale it..."

Plaintiff filed another grievance. Defendant Dreibelbis responded in person and stated "...I will never grant any of your grievances...because to do so would cost the job's of good nurse's and im not firing any one for a miscreant..."

101.    Defendants J. Grove,D. Rauch and T. Sunderland heard what had happen an placed a sign on Plaintiff's cell door that told every inmate that Plaintiff has TB at one point J. Grove yelled out to over 30 inmates that Plaintiff has TB then Defendant Sunderland had memo's pass out to all staff and inmates saying that Plaintiff has TB when they knew that it was false.

## COUNT 1
### Plaintiff v Defendant Correction Officers and Staff,Violation of the Eighth and Fourteenth Amendment Rights Protected Under 42 U.S.C. section 1983

102.    Plaintiff realleges and incorporates by reference paragraphs 1 through 101 above as if fully set forth herein.

103.    Unnecessary and wanton infliction of pain by Department of Corrections employee's namely the Defendants constitutes cruel and unusual punishment forbidden by the Eighth Amendment.

104.    Confiscation and destruction of Plaintiff's legal material and force applied by the Defendants must be applied in good faith and not maliciously or for the purpose of causing harm, deterring the filing of grievances or denial of access to the Courts.

105.    Where Corrections Officers confiscated and destroyed legal material and used force to cause harm to Plaintiff rather than in good faith, such force and confiscation is in itself a violation of Plaintiff's Constitutional rights even if significant injury is not present.

106.    The confiscation and destruction of Plaintiffs Legal material such as his grievances,trial transcripts, and 1983's and the force used to accomplish this as set forth above,under color of state law, was not in good faith nor reasonably calculated to end a disturbance, rather the action used against Plaintiff was to cause harm in order to deter Plaintiff from filing a 1983,grievances or a criminal complaint against follow officers in violation of Plaintiffs rights under the Eighth and Fourteenth Amendments of the United States Constitution.

107.    The conduct of each Defendant as set forth above constituted the unnecessary and wanton infliction of pain which constitutes cruel and unusual punishment. The force applied by each Defendant as set forth above was maliciously and sadistically for the very purpose of causing harm and not part of a good faith effort to maintain or restore discipline.

108.    Defendants used excessive force against Plaintiff repeatedly over 9 years in order  to deter Plaintiff from filing grievances,1983 and complaints with the courts in doing so deprived Plaintiff of his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution.

109.    This deprivation of Plaintiffs constitutionally-protected rights is actionable pursuant to 42 U.S.C.§1983. As a result of the actionable conduct of Defendants as set forth in this Count,Plaintiff suffered damages not limited to Physical pain,disfigurement, discomfort,fear,humiliation,mental anguish,and other emotional, and mental harm.

110.    The Deprivation of Plaintiffs Constitutionally-protected rights by each Defendant as set forth in this count was malicious,wanton,reckless and was motivated by i'll will or spite toward Plaintiff.

### COUNT 2
#### Plaintiff v The Defendant Correction officers and
#### Staff, for Violation of the Fourth and Fourteenth Amendment Rights
#### that are protected under 42 U.S.C. section 1983

111.    Plaintiff realleges and incorporates by reference to paragraphs 1 through 110 above as if fully set forth herein.

112.    Unreasonable detention without lawful authority and without probable cause is forbidden by the Fourteenth Amendment.

113.    The Defendants violated Plaintiffs Constitutional right's when they instituted False DC-141's against Plaintiff in order to prevent Plaintiff from informing the Court's of the abuse within the Department of Correction even though Plaintiff did not violate any Departmental Regulations.

114.    Plaintiff was deprived of liberty, and access to the Court's by the Defendant's action without probable cause, which is forbidden by the Fourteenth Amendment.

115.    Plaintiff did not commit the allege act's stated within the false DC-141's submitted by the Defendants and there was no evidence upon which the Defendants could rely on to have probable cause to arrest Plaintiff.

116.    The actions done by the Defendant's under color of state law was without probable cause. The false arrest,denial access to the court and the confiscation of legal material caused harm to Plaintiff in violation of his Fourth and Fourteenth Amendment Right's.

117.    The Institution of proceedings without probable cause even if it is under Administrative or Civil Law is forbidden by the Fourteenth Amendment.

118.    Defendant's violated Plaintiff's constitutional rights when they instituted false misbehavior report's against Plaintiff for violation he did not commit in order to deter Plaintiff from filing grievance's and a 1983.

119.    Malicious Prosecution of Plaintiff by the Defendant's under color of State Law was not with lawful authority or probable cause. Rather,the malicious prosecution caused harm to Plaintiff in violation of his Fourth and Fourteenth Amendment Right's.

120.    Defendant's Wetzel and Beard violated Plaintiff's Fourth and Fourteenth Amendment rights by approving and acquiescing to the false DC-141,the confiscation of legal material, the denial of due process, and the denial of access to the courts by its officers and the Defendant's by failing to properly screen,hire,train,supervise,control,investigate and discipline it's Correction Officers,staff and supervisors in reckless disregard of the rights of its citizens.

## COUNT III

### Plaintiff v Defendants Correction Officers and Staff in violation of Article I, section 9, and 13 of the Constitution of The Commonwealth of Pennsylvania and Pennsylvania Code Title 37 and The Fourteenth Amendment

121.    Plaintiff re-alleges and incorporates by reference to paragraphs 1 through 120 above as if fully set forth herein.

122.    Article 1,section 9 of the constitution of the Commonwealth of Pennsylvania prohibits depriving an accused person of life,liberty,or property "unless by Judgment of his peers or law of the land.

123.    Article 1, section 13 of the Constitution of the Commonwealth of Pennsylvania that "excessive bail shall not be required,...nor cruel punishments inflicted" (emphasis added).

124.    The Defendants violated Plaintiff's right to be free from the infliction of cruel punishment by using and permitting the use of excessive force against Plaintiff.

125.    Defendant's also violated Plaintiff's right to Due Process of Law by using corporal punishment without properly informing Plaintiff of the offenses alleged against him and otherwise depriving Plaintiff of liberty without a determination of guilt or the appropriate punishment by a legally constituted tribunal.

126.    Title 37 of the Pennsylvania Code provides in relevant part that "force shall be restricted...and only the least amount of force necessary to achieve the purpose is authorized".

127.    Title 37 also provides that Physical force shall only be used for self-defense, Protection of others and property,prevention of escapes, and to effect compliance with the rules and regulations of the Facility when other methods of control are ineffective or insufficient.

128.    The above provisions created a liberty interest protected by the Fourteenth Amendment. The Defendant's violated Plaintiff's right's under Title 37 of the Pennsylvania Code insofar as it creates a liberty interest protected by the Fourteenth Amendment by: a) using excessive physical force against Plaintiff; b) Using physical force against Plaintiff which was not absolutely necessary and in an amount which was more than required to achieve a permitted purpose; c) using physical force against Plaintiff in a manner which was cruel, inhuman and degrading; d) punishing Plaintiff without first given him proper notice of the offenses alleged against him and giving Plaintiff the opportunity to present his defense in a proper forum; and e) confiscating Plaintiff's legal material and denying Plaintiff access to the court's.

129.    The Defendant's conduct is part of a custom and practice of excessive use of force against inmates at SCI CRE,HOU, and SMI Prisons. Such force is used with the knowledge and acquiescence of the decision makers within the Department of Corrections.

130.    The force used by the Defendant's against Plaintiff in order to prevent Plaintiff from filing a 1983 or grievance's constituted an unlawful use of force because it was not absolutely necessary to prevent an assault,escape or serious destruction of property.

131.    The force used by the Defendant's against Plaintiff was unlawful because it was imposed without telling Plaintiff the offenses alleged against him and without giving him the opportunity to present a defense.

## COUNT IV

### Plaintiff v Defendant Correction Officers
### Assault and Battery

132.    Plaintiff re-alleges and incorporates by reference to paragraph 1 through 131

above as if fully set fourth herein.

133.    By intentionally punching,chocking and kicking Plaintiff as stated above,the Defendant's each committed a series of batteries against Plaintiff.

134.    The Defendant's assault and battery of Plaintiff caused Plaintiff to sustain serious Physical and mental harm.

## COUNT V
### Plaintiff v Defendant Correction Officers and Staff, Failure to Intervene and violation of the Eighth Amendment Rights Protected under 42 U.S.C. section 1983

135.    Plaintiff re-alleges and incorporates by reference to paragraphs 1 through 134 above as if fully set forth herein.

136.    The Defendant's each witnessed and had a reasonable opportunity to intervene at the time of each assault,abuse,false reports,mistreatment and the placement in the RHU of Plaintiff set forth in the instant complaint.

137.    Each Defendant failed and refused to so intervene. In so doing,each Defendant deprived Plaintiff of his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution.

138.    This deprivation of Plaintiff's constitution-ally protected rights is actionable pursuant to 42 U.S.C.§1983.

139.    As a result of the actionable conduct of each Defendant as set forth in this count,Plaintiff suffered damages including physical pain,disfigurement,discomfort,and other physical harm including fear,humiliation,mental anguish,and other emotional and mental harm.

140.    The deprivation of Plaintiffs constitutionally protected rights by each Defendant as set forth in this count was malicious,wanton, and reckless and evident a callous disregard for Plaintiffs rights and was motivated by ill will or spite toward Plaintiff.

## COUNT VI
### Plaintiff v Defendant Correction Officers Conspiracy

141.    Plaintiff realleges and incorporates by reference to paragraphs 1 through 140 above as if fully set forth herein.

142.    Defendants Hagens,Bollinger,Burkey,Blakeley and K.H. all agreed to participate in several assaults against Plaintiff in order to deter Plaintiff from filing grievances and civil actions.

143.    Upon information and belief,the purpose of repeated assaults against Plaintiff was not a good faith effort to maintain safety or order in the prison but,rather, a malicious and sadistis attempt to inflict pain on Plaintiff. Defendants Hagens,Bollinger,Burkey,Blakeley

and K.H. all agreed before each assault on Plaintiff that they would hide the evidence after each assault. Therefore, conspiring to assault Plaintiff in violation of Plaintiffs Eighth Amendment Rights.

144.    Defendants Abrashoff,Dale,Shope,J.H.,Ersek and Bollman all agreed to participate in a compliance extraction team being sent into Plaintiff's cell. The purpose of sending this extraction team into Plaintiffs cell was not a good faith effort to maintain safety or order in the prison but rather a malicious and sadistic attempt to inflict pain on Plaintiff in order to further deter Plaintiff from filing grievances and 1983's.

145.    Defendants Britton,Anders,Harpster,Narewood, and Crouch all agreed to participate in further assaults on Plaintiff in order to deter Plaintiffs attempts to file grievance's or 1983's on officers in regards to the abuse at SCI CRE,HOU, and SMI.

146.    After each Defendant attacked Plaintiff over a 9 year span, each Defendant spoke at one point and agreed to tell a consistent story of each event leading up to and surrounding each assault by each Defendant on Plaintiff. The story agreed to by these Defendants was and is false.

147.    The Defendants relayed these false stories to Defendants Pirozolla,Brumbaugh, Kessling,K.H.,D.M.,Goss,Sunderland,Reed,Mitchell,Oliver,Close,Fisher,J.W.,Hueston, and Varner as the investigator's assigned to Plaintiff's case's. These Defendants knew that these stories were false when it was conveyed to them and they willfully relayed them to Defendants Wetzel, and Beard who also knew that those stories were false.

148.    After repeatedly confiscating and destroying Plaintiff's 1983's complaint's and grievances over a 9 year span as recently as November 10,2016 for the purpose of preventing Plaintiff from having access to evidence that would corroborate Plaintiff's allegations and undermine the stories told by each Defendant in their written reports and statements.

149.    Defendants conspired with each other to assault,confiscate and destroy Plaintiffs efforts to Petition the courts by placing Plaintiff an administrative segregation in order to prevent Plaintiff from revealing or exposing the abuse to and on him. Do to these act's Plaintiff was deprived of his liberty by each Defendant without probable cause, which is forbidden by the First and Fourteenth Amendment.

## COUNT VII
### Plaintiff v Defendant Correction Officers and Staff
### Violation of the First and Eighth Amendment Rights,
### Protected Under 42 U.S.C. section 1983

150.    Plaintiff realleges and incorporates by reference to paragraphs 1 through 149 above as if fully set forth herein.

151.    The filing of grievances,criminal and civil complaints as set forth above constitutes conduct protected by the First Amendment to the United States Constitution.

152.    Over a nine (9) span Plaintiff has tried to file this 1983 along with several

grievance's, Plaintiff was repeatedly met with retaliation by each Defendant in order to deter Plaintiff from filing. This (9) year span was a continuing act that was never broken by the Defendants actions.

153.    After the 2011 attack by Defendant Blakeley plaintiff was transferred from SCI HOU to SCI SMI and placed in the RHU on RRL until February of 2017. While in SCI SMI RHU Plaintiff was prohibited from filing any grievance's nor 1983's that involves any of the Defendants in connection with SCI CRE,HOU and SMI.

154.    This transfer and placement in SCI SMI's RHU along with the Defendants repeated assaults,confiscation of plaintiff's legal papers and the repeated filing of false DC-141's over a 9 year span clearly deterred Plaintiff from exercising his constitutional rights under the First Amendment.

155.    Because Plaintiff was repeatedly transferred shortly after filing grievances, or attempt to file this 1983 there exists a suggestive temporal proximity between his grievances,the assaults, and this 1983 suggests a causal link between the events.

### COUNT VIII

### Plaintiff v Defendant Correction Officers/Staff
### Deliberate Indifference and Violation of The Eighth Amendment
### Rights Protected Under 42 U.S.C. Section 1983

156.    Plaintiff realleges and incorporates by reference to paragraphs 1 through 155 above as if fully set forth herein.

157.    As set forth above, Defendant's Dreibelbis,J. Whitsel,Houck and Gonzalez was fully aware of Plaintiff's serious need for his medical and mental medication through his filing of grievance's and medical file.

158.    When J.W. enlisted the help of Defendant Gonzalez to  denied,withheld and canceled Plaintiff's chronic illness medication because of Plaintiff's grievance's against the Defendants including Defendant J.W. constituted an unnecessary and wanton infliction of pain.

159.    When Defendant Houck learned of Plaintiff's attempts to file a civil action and a grievance against the Defendants as stated above she deliberately indifference to Plaintiffs serious medical needs.

160.    As set forth above each Defendant violated Plaintiffs right's when each Defendant including Defendant Dreibelbis deliberately deprived Plaintiff of his right to be free from cruel and unusual punishment by conspiring with the other Defendants to deter Plaintiff from filing a 1983 or grievances causing Plaintiff to experience suffering for a long period of time. This deprivation of Plaintiffs constitutionally-Protected rights is actionable Pursuant 42 U.S.C.§1983.

### COUNT IX

### DENIED ACCESS TO THE COURT'S

161.    Plaintiff realleges and incorporates by reference to paragraphs 1 through 160 above as if fully set forth herein.

162.    Each Defendant willfully denied Plaintiff his right to address the courts each time a Defendant filed false reports,threaten bodily harm,several acts of assaults,and isolating Plaintiff by segregating him for seven (7) years within several RHU's.

163.    It is not necessary to show that each Defendant conspired with one other in order to prove conspiracy or that each Defendant even knew each other.

164.    Plaintiff has over 2000 pages of evidence that proves each and every set of facts that Plaintiff has alleged in this complaint, along with several witnesses which includs Corrections Officers and Prisoners.

165.    The allegations alleged in this complaint are of a continuing wrong ending when Plaintiff was released from SCI SMI RHU in 2017 which was when the wrong terminated.

**WHEREFORE, Plaintiff request that this Honorable Court enter Judgment in his favor to** the sum requested and against each Defendant along with interest,attorney fee's and cost's,and such other relief as this Honorable court may deem just and proper for violating this court and other courts prior order's not to do such acts and hold each Defendant in contempt for doing so.

Date: 8/19/17                                                    Robert Fennell



US POSTAGE PITNEY BOWES
$ 003.39⁰
ZIP 16652
02 1W
0001305401 AUG 24

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

USMS X-RAY
X-RAY
S. X-RAY

Clerk of Court
The United States District Court
Middle District
U.S. Courthouse, Suite 318
240 West Third Street
Williamsport PA 17701-6460

Fennell
397
999
Pike St
Hudson PA 16652